IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EDWARD SWITTER and PETER CONRAD, Derivatively on Behalf of WALGREENS BOOTS ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TIMOTHY C. WENTWORTH, STEFANO PESSINA, TRACEY D. BROWN, RICK GATES, MANMOHAN MAHAJAN, GINGER L. GRAHAM, JANICE M. BABIA, INDERPAL S. BHANDARI, BRYAN C. HANSON, VALERIE B. JARRETT, JOHN A. LEDERER, THOMAS E. POLEN, NANCY M. SCHLICHTING, ROBERT L. HUFFINES, ROSALIND G. BREWER, JAMES KEHOE, JOHN P. DRISCOLL, JOHN STANDLEY, WILLIAM C. FOOTE, DAVID J. BRAILER, and DOMINIC P. MURPHY, <br><br> Defendants, <br><br> -and- <br><br> WALGREENS BOOTS ALLIANCE, INC. a Delaware Corporation. | Case No. 1:24-cv-01314-RGA |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' BRIEF WHY CASE
SHOULD NOT BE DISMISSED**

OF COUNSEL:

Brian Lutz
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200

Jessica Valenzuela
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
(650) 849-5282

Colin B. Davis
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-3993


Dated:  February 12, 2025

Kevin R. Shannon (#3137)
Christopher N. Kelly (#5717)
Callan R. Jackson (#6292)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801
(302) 984-6112
kshannon@potteranderson.com
ckelly@potteranderson.com
cjackson@potteranderson.com

*Attorneys for Individual Defendants and Nominal Defendant Walgreens Boots Alliance, Inc.*

## TABLE OF CONTENTS

Page(s)

NATURE AND STAGE OF PROCEEDINGS ............................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................... 2

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.    *Elfers* Precludes Plaintiffs' Section 10(b) Claim. ................................................. 3

    II.    *Abbott* Is Factually Inapplicable. ........................................................................ 4

    III.    The Court Should Not Exercise Supplemental Jurisdiction Over the Delaware Law Claims. ............................................................................................ 5

CONCLUSION .......................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

### Cases

*In re Abbott Lab's Infant Formula S'holder Derivative Litig.*,
   2024 WL 3694533 (N.D. Ill. Aug. 7, 2024) ...........................................................................4, 5

*Elfers v. Gonzalez*,
   2020 WL 7264272 (D. Del. Dec. 10, 2020) ...........................................................................1, 4

*Franklin v. Doheny*,
   2022 WL 2064972 (D. Del. June 8, 2022) .................................................................................4

*Hedges v. Musco*,
   204 F.3d 109 (3d Cir. 2000) .....................................................................................................5

*United States v. Medco Health Sols., Inc.*,
   2017 WL 63006 (D. Del. Jan. 5, 2017) .....................................................................................5

## NATURE AND STAGE OF PROCEEDINGS

This is a tag-along stockholder derivative lawsuit brought on the heels of two securities class actions filed after Walgreens missed its quarterly earnings-per-share projection and lowered its full-year guidance.  ¶¶ 14, 17.[1]  Plaintiffs Edward Switter and Peter Conrad ("Plaintiffs") bring state law derivative claims, purportedly on behalf of Walgreens Boots Alliance, Inc. ("Walgreens" or the "Company"), alleging that the Individual Defendants[2] breached their fiduciary duties by allowing the Company to make false and misleading statements based on the similar allegations raised in the pending securities class action lawsuits.  Plaintiffs also bring claims against some of the Individual Defendants under Section 10(b) of the Securities Exchange Act of 1934 for allegedly causing Walgreens to repurchase stock at prices that were alleged to have been inflated by misstatements allegedly made or approved by the Individual Defendants.  ¶¶ 6, 11.

The Individual Defendants and Walgreens (together, "Defendants") hereby respond to the Court's request, and Plaintiffs' brief, regarding (1) whether the Court should dismiss the sole federal claim and decline supplemental jurisdiction over the state law claims based on *Elfers v. Gonzalez*, 2020 WL 7264272, at *3 (D. Del. Dec. 10, 2020) ("*Elfers*"); and (2) whether the venue ruling in *Elfers* should apply in this case.  D.I. 29.  The answer to the first question is yes, and the Court need not decide whether the venue ruling in *Elfers* should apply in this case.

---

[1] All paragraph references herein ("¶__" or "¶¶__") are to Plaintiffs' Complaint (D.I. 1).

[2] The Individual Defendants are Timothy C. Wentworth, Stefano Pessina, Tracey D. Brown, Rick Gates, Manmohan Mahajan, Ginger L. Graham, Janice M. Babiak, Inderpal S. Bhandari, Bryan C. Hanson, Valerie B. Jarrett, John A. Lederer, Thomas E. Polen, Nancy M. Schlichting, Robert L. Huffines, Rosalind G. Brewer, James Kehoe, John P. Driscoll, John Standley, William C. Foote, David J. Brailer, and Dominic P. Murphy.

## SUMMARY OF ARGUMENT

Plaintiffs' Section 10(b) claim fails as a matter of law under *Elfers* and should be dismissed.[3]  The Individual Defendants' alleged approval of Walgreens' stock buyback program does not state a claim as a matter of law, even if Plaintiffs adequately plead a materially false or misleading statement (which, to be clear, they do not).[4]  Under *Elfers,* because Walgreens acts through its directors, Plaintiffs cannot plead a derivative Section 10(b) claim against the same directors who act on behalf of the Nominal Defendant.  Walgreens, in other words, cannot deceive itself.  Because the only stated basis for subject-matter jurisdiction in this case is Plaintiffs' defective federal securities claim, this Court should decline to exercise supplemental jurisdiction over the Delaware law claims.

## STATEMENT OF FACTS

Walgreens is one of the largest retail pharmacy chains in the world.  ¶ 2.  In recent years, the retail pharmacy industry has faced numerous challenges, including pressures on prescription reimbursement levels.  ¶ 5.  Faced with these obstacles, Walgreens looked for new growth opportunities.  On October 14, 2021, Walgreens announced the formation of a new reporting segment called "Walgreens Health," later renamed U.S. Healthcare.  ¶ 3.  As part of the launch, Walgreens announced a $5.2 billion investment in Village Practice Management Company, LLC ("VillageMD"), a nationwide network of value-based primary care, multi-specialty care, and urgent care services.  ¶¶ 3, 54.  Over the next several years, Walgreens informed investors of the progress

---

[3] Defendants are solely responding to this Court's January 8, 2025 order requesting briefing on why the Court should not dismiss Plaintiffs' sole federal claim and decline to exercise supplemental jurisdiction over the state law claims based on *Elfers*.  D.I. 29.  Defendants do not address here whether Plaintiffs' claims under Delaware law should be dismissed.  Defendants reserve all rights to bring a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 23.1.

[4] Because Plaintiffs have failed to adequately allege a Section 10(b) violation, Defendants do not address, and reserve their rights with respect to, the propriety of venue.

of its investment in VillageMD, the growth prospects of its U.S. Healthcare segment, and Walgreens' ability to tackle challenges facing the retail pharmacy industry.  ¶¶ 3, 4, 6, 58–88.

On July 12, 2024, a putative Walgreens shareholder filed a securities class action complaint in the United States District Court for the Northern District of Illinois, captioned *Bhaila v. Walgreens Boots Alliance , Inc. et al.*, Case No. 1:24-cv-05907 (N.D. Ill.) (the "*Bhaila* Action"). On September 17, 2024, another shareholder filed a related securities class action complaint in the same court, captioned *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Walgreens Boots Alliance, Inc., et al.*, Case No. 1:24-cv-08559 (N.D. Ill.) (the "*Westchester* Action," and together with the *Bhaila* Action, the "Securities Actions").[5]  On December 4, 2024, Plaintiffs filed their Complaint here, copying in large part the allegations made in the Securities Actions.  D.I. 1.  According to Plaintiffs, the Individual Defendants violated Section 10(b) by making false and misleading statements to investors about the business prospects and health of its U.S. Healthcare and U.S. Retail Pharmacy segments, then causing Walgreens to repurchase its stock at prices artificially inflated by the alleged misstatements.  ¶¶ 6, 11, 58, 122–133.  Plaintiffs also assert that the Individual Defendants breached their fiduciary duties under Delaware law by reviewing or approving the alleged misstatements.  ¶¶ 134–145.  The Individual Defendants are current and former directors and officers of Walgreens.  ¶¶ 24-45.  Plaintiffs did not make a demand on the Walgreens Board before bringing this lawsuit.  ¶ 111.

## ARGUMENT

### I.  *Elfers* Precludes Plaintiffs' Section 10(b) Claim.

*Elfers* establishes that Plaintiffs' theory of liability is not cognizable under Section 10(b) as a matter of law.  In *Elfers*, the Court dismissed the plaintiff's Section 10(b) claim, brought

---

[5] On October 28, 2024, the Court consolidated the *Westchester* Action with the *Bhaila* Action.

derivatively on behalf of nominal defendant AbbVie, Inc., where the plaintiff alleged that certain directors approved stock repurchases at artificially inflated prices while concealing from the public that the company faced legal liability for allegedly providing kickbacks to doctors who prescribed its drugs. 2020 WL 7264272 at *1–2. The *Elfers* court held that plaintiff's theory did not form a cognizable claim under Section 10(b) because AbbVie, as a corporation acting through its directors, could not "literally be deceived" by its directors. *Id*. at *3. "While one corporate actor might be able to deceive another, a single actor cannot deceive *itself*." *Id.* at *2. Thus, AbbVie, as the "real party in interest," had no viable Section 10(b) derivative claim against its directors. *Id*.

Plaintiffs' Section 10(b) claim is based on the identical theory rejected in *Elfers* and fails for the same reason. Other courts in this District also have dismissed Section 10(b) claims based on stock repurchases where, as here, the directors and officers allegedly defrauded themselves by causing the company to repurchase shares at prices allegedly artificially inflated by misstatements by the same directors and officers. For example, in *Franklin v. Doheny*, the Court rejected the same theory of Plaintiffs' Complaint—"that the defendant directors spread misleading information and then the same directors relied on and were deceived by that false information when they approved stock buy backs," finding that theory "is factually impossible and cannot lead to any relief under § 10(b)." 2022 WL 2064972, at *2 (D. Del. June 8, 2022), *adopted*, 2022 WL 3099235 (D. Del. June 23, 2022) (Andrews, J.). Established law from *Elfers* and its progeny mandate dismissal of Plaintiffs' deficient derivative Section 10(b) claim.

## II.    *Abbott* **Is Factually Inapplicable.**

Plaintiffs argue that a single out-of-circuit district court decision—*In re Abbott Lab's Infant Formula S'holder Derivative Litig.*, 2024 WL 3694533 (N.D. Ill. Aug. 7, 2024)—controls here. D.I. 30 at 9. *Abbott* is not controlling here and is factually distinguishable from this case in any event. *Abbott* concerned whether a derivative lawsuit could proceed where the plaintiff had not

4

made a pre-suit demand on the Board. 2024 WL 3694533 at *5. In determining whether a pre-suit demand would have been futile, the *Abbott* court analyzed whether the "director face[d] a substantial likelihood of liability" under Section 10(b). *Id.* at *6. Unlike *Elfers*, *Abbott* did not address whether the complaint stated a claim under Section 10(b). Indeed, in *Abbott,* the defendants *conceded* that plaintiffs had pled all elements of a Section 10(b) claim (except for reliance). *Id.* at *9 n.8. Thus, the defendants in *Abbott* did not dispute that they "knew of the false and misleading statements" and "did nothing to stop them." *Id.* at *11. As a result, the court in *Abbott* concluded that the defendants should not be considered independent or disinterested in the stock repurchase transaction, and their knowledge could not be imputed to the corporation for purposes of determining whether the corporation was misled. *Id.* Here, this critical concession does not exist. Nothing in *Abbott* undermines the common sense, established law in this District rejecting Plaintiffs' novel derivative Section 10(b) theory based on directors deceiving themselves. Under *Elfers* and its progeny, this Court should reject the Section 10(b) theory of liability in the Complaint.

## III. The Court Should Not Exercise Supplemental Jurisdiction Over the Delaware Law Claims.

With Plaintiffs' Section 10(b) claim failing as a matter of law, Plaintiffs no longer have a basis for asserting jurisdiction in this Court. Plaintiffs plead only federal question jurisdiction in the Complaint. ¶ 18. The Third Circuit has long held that where all federal claims are "dismissed before trial, the district court *must* decline to decide the pendant state claims" unless there is "an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). This result is particularly warranted here because "this case is still at the initial pleading stage." *United States v. Medco Health Sols., Inc.*, 2017 WL 63006, at *13 (D. Del. Jan. 5,

2017). This Court should decline to exercise supplemental jurisdiction over the remaining Delaware law claims under 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons set forth herein, the answer to the Court's question of whether it should dismiss the sole federal claim and decline supplemental jurisdiction over the state law claims based on *Elfers* is yes, and the Court need not reach the second question of whether the venue ruling in *Elfers* should apply in this case.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ Kevin R. Shannon*

Brian Lutz
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
(415) 393-8200

Jessica Valenzuela
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
(650) 849-5282

Colin B. Davis
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
(949) 451-3993

Dated: February 12, 2025

Kevin R. Shannon (#3137)
Christopher N. Kelly (#5717)
Callan R. Jackson (#6292)
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801
(302) 984-6000
kshannon@potteranderson.com
ckelly@potteranderson.com
cjackson@potteranderson.com

*Attorneys for Individual Defendants and Nominal Defendant Walgreens Boots Alliance, Inc.*